# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:10cv515

| | |
|---|---|
| DANIEL J. ADLER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | MEMORANDUM OF |
| ) | DECISION and ORDER |
| ANCHOR FUNDING SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. Having considered defendant's motion, reviewed the pleadings, and conducted a hearing, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

In this action, plaintiff, who is proceeding *pro se*, contends that he was initially hired as a vice president of defendant and then terminated the next day after he asked for a reasonable accommodation for a disability. In his Complaint, plaintiff attempts to allege disability discrimination under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"). Construing such pleading in a light most favorable to plaintiff, the court will also consider such claim as brought under the Americans with Disabilities Act (hereinafter the "ADA") as Title VII does not address disability.

In moving to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, defendant contends that plantiff has failed to state a substantive claim under Title VII and that no claim can be stated against it under Title VII or the ADA as defendant is not covered by either provision as it lacked the minimum number of employees (15) to be covered by

either provision at any time relevant to plaintiff's claims.

## II. Applicable Standards

### A. Rule 12(b)(6) Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must

"state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

### B. Pro Se Standard

Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of Twombly and Bass, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

## III. Discussion

### A. Failure to State a Title VII Claim

The purpose and effect of Title VII is to make it "unlawful 'for an employer . . . [to discharge or otherwise] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or*

*national origin.*'" Lemons v. US Air Group, Inc., 43 F. Supp. 2d 571, 575 (M.D.N.C. 1999) (quoting 42 U.S.C. § 2000e-2(a)(1) (1994); emphasis added). Title VII provides no cause of action for disability discrimination. Review of the Complaint reveals no allegations that could be construed as actionable under Title VII. The court will, therefore, dismiss plaintiff's Title VII claim under Rule 12(b)(6) for failure to state a cognizable claim.

### B. Defendant is Not an Employer under the ADA or Title VII

Assuming that plaintiff was attempting to state a cause of action under the ADA, he admits that he believes defendant "directly employs less than fifteen direct employees." Plaintiff's Response, at p. 2. Instead, plaintiff argues that defendant owns a subsidiary -- Brookridge Funding -- which employed "two employees which could bring the total number of employees above fifteen." Id. Plaintiff further argues that "indirect employees including but not limited [to] accounting firms, legal counsel, etc." could also be considered employees of defendant. Id.

Under the ADA, an employer with less than fifteen employees is exempt from the ADA's requirements. Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 400, 441-42 (2003). The ADA defines "employer" as meaning "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ." 42 U.S.C. § 12111(5)(A). Plaintiff's argument that the court should simply count the two employees of Brookridge Funding and count outside contractors such as lawyers and accountants finds no legal support. In Johnson v. Flowers Indus., Inc., 814 F.2d 978 (4th Cir. 1987), the Court stated that:

> [a] parent company is the employer of a subsidiary's personnel only if it controls the subsidiary's employment decisions or so completely dominates the subsidiary that the two corporations are the same entity.

Id., at 980. The Johnson court went on to state that "courts have found parent corporations to be employers only in extraordinary circumstances." Id., at 981. Beyond alleging ownership, plaintiff has not shown or alleged that defendant controlled Brookridge Funding's employment decisions or that it otherwise controlled its daily operations. As to the outside personnel, independent contractors

are not counted as employees for purposes of federal anti-discrimination statutes like Title VII and the ADA. Farlow v. Wachovia Bank of North Carolina, N.A., 259 F.3d 309, 313-14 (4th Cir. 2001). The only substantive allegations concerning control are provided by defendant, which has submitted an affidavit indicating that its role as parent was one of general overseer as Brookridge Funding had two co-presidents that were responsible for daily operations, including its employment decisions. See Reply, Ex. 1 Affidavit of Brad Bernstein, ¶¶ 20-24 (#19-1).

As plaintiff has not shown that defendant employed 15 employees during the relevant time period, the ADA is inapplicable to defendant and plaintiff cannot state a claim against defendant under such provision. Likewise, under Title VII, an employer with less than fifteen employees is exempt from Title VII's requirements. Depaoli v. Vacation Sales Assocs., L.L.C., 489 F.3d 615, 622 (4th Cir. 2007). The court will, therefore, dismiss the ADA and Title VII claims.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#13) is **GRANTED,** and this action is **DISMISSED** in accordance with Rule 12(b)(6).

**Advice of Appellate Rights**

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court

within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: May 16, 2011

Max O. Cogburn Jr.
United States District Judge